IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL K. MOUNTS, SR., ) | |
| DOUGLAS P. CHAPMAN, and ) | |
| CARL KATARZYNSKI ) | |
| ) | Case No. 09 C 1637 |
| Plaintiffs, ) | |
| ) | Judge Virginia M. Kendall |
| v. ) | |
| ) | |
| UNITED PARCEL SERVICE OF ) | |
| AMERICA, INC. and UPS HEALTH AND ) | |
| WELFARE PACKAGE FOR RETIRED ) | |
| EMPLOYEES ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Paul Mounts ("Mounts"), Douglas Chapman ("Chapman") and Carl Katarzynski ("Katarzynski") (collectively "Plaintiffs") filed suit against Defendants United Parcel Service of America, Inc. ("UPS") and UPS Health and Welfare Package for Retired Employees ("the Plan") (collectively "Defendants") alleging violations of federal employment discrimination laws. Specifically, Plaintiffs allege that Defendants violated Title VII of the Civil Rights Act of 1965 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants have moved to dismiss all claims. For the reasons stated, Defendants' Motion to Dismiss is granted in part and denied in part.

**PLAINTIFF'S ALLEGATIONS**

The Court takes the following allegations as true, as it is required to do at the motion to dismiss stage. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). Plaintiffs, retired Feeder Drivers for UPS, formed an independent organization to assist current and retired UPS employees file complaints with the EEOC and secure their medical and retirement benefits from UPS. (Compl. ¶¶ 11-16.) Because of their efforts, numerous UPS employees received charges of discrimination from the EEOC and benefits that UPS had previously denied them. (Compl. ¶ 17.) During a 2001 meeting, UPS representatives pressured Chapman and Katarzynski to stop contacting federal agencies on behalf of UPS employees and to stop assisting UPS employees with charges of discrimination and complaints relating to medical and retirement benefits. (Compl. ¶¶ 18-19.) Despite the pressure they received from UPS representatives, Plaintiffs continued to offer their support to UPS employees filing charges and claims. (Compl. ¶ 20.)

Eventually, UPS informed Chapman and his wife that they were no longer eligible for coverage under the Plan's group health insurance plan. (Compl. ¶ 21.) On January 17, 2003, Chapman filed a charge of discrimination with the EEOC, claiming that Defendants discriminated against him on the basis of his disability and that they retaliated against him in violation of the ADA, ADEA and Title VII. (Compl. Ex. 2.) Mounts and Katarzynski assisted with the investigation into Chapman's charge of discrimination. (Compl. ¶ 24.) In April 2003, Chapman and UPS participated in an EEOC-sponsored mediation of his charge of discrimination but they did not resolve their dispute. (Compl. ¶ 25.)

Several weeks after the mediation, Defendants removed Mounts and Katarzynski from the Plan. (Compl. ¶ 27.) Chapman, Mounts and Katarzynski all contested their removal from the Plan

but Defendants refused to reinstate them or grant them benefits under the Plan. (Compl. ¶ 28.) Mounts and Katarzynski each filed a charge of discrimination with the EEOC on October 29, 2003. (Compl. Exs. 1, 3.)

After receiving their right to sue letters from the EEOC, Plaintiffs filed this action, alleging discrimination under the ADA and the ADEA, retaliation under Title VII, the ADA and the ADEA and violations of ERISA. Defendants have moved to dismiss, claiming that: 1) all ERISA claims are time-barred; 2) Chapman's claims in Counts I-III are time-barred; and 3) Plaintiffs have not satisfied the minimum federal pleading standards for their ADA, ADEA and Title VII claims. After Defendants filed their Motion to Dismiss, Plaintiffs voluntarily dismissed their ERISA claim arising under 29 U.S.C. § 1140 with prejudice.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

**DISCUSSION**

I.  Timeliness of Plaintiffs' ERISA Claims

As previously noted, Plaintiffs voluntarily dismissed their claim arising under 29 U.S.C. § 1140 with prejudice.  In the remaining ERISA claim, Plaintiffs bring a breach of fiduciary duty claim under 29 U.S.C. § 1332.  Once a plaintiff has actual knowledge of a breach of fiduciary duty, he has three years to bring an ERISA claim to remedy the breach.  *See* 29 U.S.C. § 1113(2); *S. Ill. Carpenters Welfare Fund v. Carpenters Welfare Fund of Ill.*, 326 F.3d 919, 924 (7th Cir. 2003).  Here, at the latest, Plaintiffs all had actual knowledge that they had been removed from the Plan in 2003 when they filed their charges of discrimination with the EEOC.  They did not file this action until 2009, after the three year limitations period for breach of fiduciary duty claims under ERISA expired.

While Plaintiffs concede that they filed suit outside of the three year limitations period, they claim that the Court should equitably toll the statute of limitations because EEOC inaction lulled them into inaction.  Although Plaintiffs filed their charge of discrimination in 2003 for their ADA, ADEA and Title VII claims and the EEOC issued its determination in September 2006, they did not receive their right to sue letters until December 2008, when the three year limitations period for the ERISA claim had already expired.  Equitable tolling applies when the plaintiff "has made a good faith error (e.g., brought suit in the wrong court) or has been prevented from filing his complaint in time." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001).  When plaintiffs bring some claims that require exhaustion of administrative remedies as a prerequisite to suit and other claims that do not, participating in the administrative process for some claims does not operate to toll the statute of limitations for the claims that do not require exhaustion.  *See Johnson v. Railway*

*Express Agency, Inc.*, 421 U.S. 454, 465-66 (1975) (pendency of Title VII administrative process does not toll statute of limitations for employment discrimination suits brought under 42 U.S.C. § 1981); *Hermann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 225 (7th Cir. 1993) (detailing options available to plaintiffs participating in the EEOC administrative process while the statute of limitations runs on other claims). Here, with respect to the ERISA claim, the three year limitations period expired while Plaintiffs pursued their administrative remedies with the EEOC for their Title VII, ADA and ADEA claims. Because equitable tolling does not toll the limitations period for their ERISA claim, Plaintiffs' ERISA claim is untimely. Accordingly, Count IV is dismissed.

II.     Timeliness of Chapman's Title VII, ADA and ADEA Claims

After UPS originally filed its Motion to Dismiss, at a June 2, 2009 hearing, the Court expressed concern that it could not rule on the timeliness of Chapman's Title VII, ADA and ADEA claims without looking outside of the pleadings to consider letters that he wrote to Defendants in 2001 and 2002. The Court permitted UPS to file an Amended Motion to Dismiss to include the letters as exhibits pursuant to Fed. R. Civ. P. 12(d) and set a new briefing schedule to give the parties sufficient time to present material.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Because the Court gave the parties an opportunity to present argument relating to Chapman's letters, to the extent that UPS's Motion to Dismiss seeks to dismiss Chapman's Title VII, ADA and ADEA claims as untimely, the Court treats the motion as a motion for summary judgment. Summary judgment is proper when "the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

Based upon the Plan documents submitted in support of UPS' Amended Motion to Dismiss, retirees covered by the Plan become ineligible to receive coverage when the retiree becomes eligible for Medicare. (Def. Memo. Ex. 2.) On September 1,1999, Chapman began receiving Social Security Disability Insurance (SSDI) payments. (Def. Memo. Ex. 3.) After a two year waiting period, he received SSDI Medicare benefits. (*Id.*) Once he received SSDI Medicare benefits, the Plan denied one of his claims, stating, "Please be advised that benefits are not available for members with Medicare." (*Id.*) On December 6, 2001, Chapman sent a letter to one of the Plan's Support Consultants, Nancy Clark ("Clark"), to appeal the denial and to state his belief that the Plan's policy of excluding retirees when they become eligible for Medicare violates ERISA and other federal laws. (*Id.*) On March 14, 2002, Chapman's attorney sent a letter to Clark and the UPS Legal Department to appeal the denial, stating that Chapman "ha[s] been denied coverage for various health care services purportedly because [he is] eligible for Medicare. Importantly, [Chapman] became Medicare-eligible because [he] became disabled and received SSDI Social Security Disability payments for more than two years." (Def. Memo. Ex. 3.) On January 17, 2003, Chapman filed a charge of discrimination with the EEOC, claiming that the Plan discriminatorily excluded him

from coverage from the group health insurance plan in violation of Title VII, the ADA and the ADEA. (Compl. Ex. 2.)

A claim of discrimination is time-barred if the plaintiff does not file a charge of discrimination within 300 days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1); 42 U.S.C. § 12117(a). With respect to claims regarding discrete employment actions, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007) (A discrete act of discrimination "is an unlawful employment practice that must be brought to the EEOC's attention within 300 days of its occurrence."). The limitations period begins on the date of the adverse personnel action. *See Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 574 (7th Cir. 1998).

Chapman claims that he learned of the Plan's decision to remove him from the insurance plan on April 16, 2002, as he indicated on the charge of discrimination he filed with the EEOC. However, Chapman's letters demonstrate that as of December 1, 2001, he had knowledge of the Plan's determination that he was no longer eligible to receive benefits from the Plan once he received Medicare. Additionally, although Chapman claims that he wrote the December 1, 2001 letter to protest a single claim denial, that letter and the March 14, 2002 letter from Chapman's attorney to Clark protest the legality of the Plan's eligibility criteria. Accordingly, the record shows that Chapman had knowledge of the Plan's determination that he was not eligible to participate in the group health insurance as early as December 1, 2001. Because he did not file his charge of discrimination relating to that determination until January 17, 2003, more than 300 days after the

7

Plan's determination that he was not eligible to receive benefits, Chapman's claims arising under Title VII, the ADA and the ADEA are untimely.

III.    Sufficiency of Title VII, ADA and ADEA Allegations

    I.    Retaliation Claims

Mounts and Katarzynski allege that Defendants retaliated against them in violation of Title VII, the ADA and the ADEA when they found Mounts and Katarzynski to be ineligible to participate in the Plan. To state a claim for retaliation under Title VII, the ADA or the ADEA, a plaintiff must allege: 1) a statutorily protected activity; 2) an adverse employment action; and 3) a causal link between the protected activity and the employer's action. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). To survive a motion to dismiss, a plaintiff must plead facts sufficient to allow the court to draw a reasonable inference that the defendant is liable for the conduct alleged. *See Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937 (2009). The level of facts required varies with the type of claim asserted. *See Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803-04 (7th Cir. 2008). Complaints "alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007). To survive a motion to dismiss, the complaint must put the defendants on notice of the plaintiff's allegations by specifying the plaintiff's protected conduct because "an allegation of retaliation for some unspecified act does not narrow the realm of possibility" for the defendant. *Id.* at 782; *see also Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002) ("Had [the plaintiff] merely alleged that the defendants had retaliated against him for filing a suit, without identifying the suit or the acts claimed to have constituted retaliation, the complaint would be insufficient.").

Here, Mounts and Katarzynski alleged that they assisted Chapman in the investigation relating to his charge of discrimination and that UPS removed them from the Plan because of that assistance. Because Mounts and Katarzynski assisted Chapman his claims relating to discrimination under the ADA and ADEA and retaliation under Title VII, the allegations in the Complaint are sufficient to state a claim for retaliation under those statutes. Therefore, Defendants are not entitled to dismissal of Counts I-III on the basis that they have failed to state claims for retaliation.

II.     Discrimination Claims

In addition to their retaliation claims, Mounts and Katarzynski also claim that UPS found them to be ineligible to participate in the Plan because of their ages and disabilities in violation of the ADA and the ADEA. An plaintiff states a claim for employment discrimination when he alleges that an employer took a specific adverse action against him because of a prohibited animus. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008). In the ADEA context, a plaintiff states a claim for age discrimination by alleging that he is over 40 years old and that the employer took an adverse employment action against him because of his age. *See Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Here, Mounts and Katarzynski have each alleged that they are over 40 years old[1] and that UPS found them ineligible to participate in the Plan because of their age. Therefore, they have stated claims for age discrimination under the ADEA.

With respect to their ADA discrimination claims, to state a claim, a plaintiff must first allege a disability. *See Duncan v. State of Wisc. Dept. of Health and Family Servs.*, 166 F.3d 930, 935 (7th Cir. 1999) (noting that "[t]he first hurdle a plaintiff must pass . . . is the requirement that the plaintiff

---

[1] Mounts and Katarzynski included their dates of birth on their charges of discrimination that they attached to their Complaint. Because they attached the charges of discrimination to the Complaint, the Court may consider them without converting the Motion to Dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 10(c).

must be 'disabled.'"). In relevant part, the ADA defines a disability as either "a physical or mental impairment that substantially limits one or more of the major life activities" of the individual or "a record of such impairment." 42 U.S.C. § 12102(2)(A)-(B). "Not every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity." *Cassimy v. Bd. of Educ. of Rockford Public Schs., Dist. No. 205*, 461 F.3d 932, 936 (7th Cir. 2006). A impairment substantially limits a major life activity when a person "is either unable to perform a major life activity or is significantly restricted as to the condition, manner or duration under which the individual can perform the major life activity as compared to the average person in the general population." *Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 450 (7th Cir. 2001) (citations omitted). In assessing whether an impairment is substantially limiting, courts consider the nature and severity of the impairment, its duration or expected duration, and its permanent or long term impact or its expected impact. *See* 29 C.F.R. § 1630.2(j)(2).

Here, although Mounts and Katarzynski each claim that UPS found them ineligible to participate in the Plan because of their disabilities, neither Mounts nor Katarzynski have alleged that they suffer from an impairment, let alone an impairment that substantially limits their ability to perform a major life activity. Accordingly, Mounts and Katarzynski have failed to state a claim for discrimination under the ADA.

Anticipating that they did not include sufficient allegations to support a discrimination claim under the ADA, Mounts and Katarzynski have requested leave to replead their ADA allegations. A court may deny leave to amend a complaint if the proposed repleading would be futile. *See Garcia v. City of Chicago*, 24 F.3d 996, 970 (7th Cir. 1994). In the Complaint, Mounts and Katarzynski concede that they are not UPS employees; rather, they are retired, former employees.

10

Retired employees have no right to bring discrimination suits under Title I of the ADA because they do not fall within the statutory definition of a "qualified individual with a disability."[2]  *See Morgan v. Joint Administration Bd., Retirement Plan of the Pillsbury Co. and Am. Federation of Grain Millers*, 268 F.3d 456, 457-58 (7th Cir. 2001); *E.E.O.C. v. CNA Ins. Cos.*, 96 F.3d 1039, 1044 (7th Cir. 1996).  Accordingly, to the extent that Count II alleges that UPS discriminated against Mounts and Katarzynski because of their disabilities, the claim is dismissed with prejudice.

### CONCLUSION AND ORDER

For the reasons stated, Defendants' Amended Motion to Dismiss is granted in part and denied in part.  With respect to Chapman's claims, Count IV is dismissed as time-barred and UPS is entitled to judgment as a matter of law for Counts I-III because those claims are time-barred.  Accordingly, Chapman has no surviving claims.  With respect to Mounts and Katarzynski, Count IV is dismissed as time-barred and Count II is dismissed with prejudice to the extent that it states a claim for discrimination rather than retaliation.  The Amended Motion to Dismiss is denied with respect to the retaliation claims in Counts I-III and the age discrimination claim in Count II.  So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:   August 31, 2009

---

[2] Although Mounts and Katarzynski cannot bring *discrimination* claims under Title I of the ADA, they may bring *retaliation* claims under Title I.  *See Morgan*, 268 F.3d at 458 ("The statutory protections against discrimination are protections of 'otherwise qualified individuals with a disability,' but the retaliation provision protects individuals, period . . . .").